# Exhibit 1

Filed
Submitted 11/13/2023 8:00 AM
Stephnie Menke
District Clerk Potter County, Texas
Envelope No. 81502338
Filed: 11/13/2023 4:13 PM
By: ET

**CAUSE NO. _____________**

| | | |
|---|---|---|
| **STATE FARM LLOYDS AS SUBROGEE OF CLAY AND SAMANTHA RALEIGH,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| **vs.** | § | **POTTER COUNTY, TEXAS** |
| **SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.** **Defendants.** | § | **____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff, **STATE FARM LLOYDS AS SUBROGEE OF CLAY AND SAMANTHA RALEIGH** ("State Farm" and/or "Plaintiff"), complaining of **SAMSUNG ELECTRONICS AMERICA, INC.** ("SEA"), and **SAMSUNG ELECTRONICS CO., LTD.** ("SECL") (SEA and SECL are collectively referred to herein as "Defendants"), and for cause of action would respectfully show the Court as follows:

**I. DISCOVERY**

Discovery in this suit is intended to be conducted under Level Three of the Texas Rules of Civil Procedure unless otherwise ordered by the Court.

**II. PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff, **STATE FARM LLOYDS AS SUBROGEE OF CLAY AND SAMANTHA RALEIGH**, as a real party in interest, is an insurance company doing business in the State of Texas.

2. Defendant, **SAMSUNG ELECTRONICS AMERICA, INC.,** is a foreign for-profit corporation, and may be duly served with citation by serving its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. Defendant, **SAMSUNG ELECTRONICS CO., LTD.**, is a is a foreign company doing business in Korea and has continuing and systematic contacts with the State of Texas by placing its products into the stream of commerce with the expectation

that they would reach and be used in the State of Texas. The causes of action set forth herein arise from such contacts. This defendant may be served with process by serving the Secretary of State as the substituted agent for service of process under TEX. CIV. PRAC. & REM. CODE §§ 17.044(a) and (b) at the following address:

Office of the Secretary of State
Statutory Documents Section - Citations Unit
1019 Brazos St.
Austin, Texas 78701

The Secretary of State should be instructed to forward the Petition and citation to Samsung Electronics Co., Ltd. at its home office address, which is its principal place of business: Samsung Electronics Co., Ltd., 129 Samseong-ro Yeongtong-gu Suwon-si GYEONGGI-DO Gyeonggi-do 16677, Republic of (South) Korea.

4. The "Property" is located at 3600 Fountain Terrace, Amarillo, Texas 79106.

5. Venue of this suit is proper in Potter County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claims made herein occurred in Potter County.

6. The Court has jurisdiction over Defendants because they are businesses authorized to conduct business in the State of Texas and/or conducting business in Texas. The Court has jurisdiction over the controversy because the damages sued for are within the jurisdictional limits of this Court.

7. The injury complained of herein was inherently undiscoverable and objectively verifiable and, consequently, Plaintiff invokes the discovery rule.

8. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## III. PRODUCTS LIABILITY

This lawsuit involves products liability claims arising from a slide-in electric range, Model NE63T8751SS (hereinafter referred to as "product," "product in question," or "range in question"), which was designed, manufactured, and/or marketed by Defendants. At all times mentioned herein, Defendants were engaged in the business of designing, manufacturing, and marketing the same brand or model of electric range as the product in question to the public, throughout the United States, as well as within the State of Texas.

Defendants designed, manufactured, marketed, and/or otherwise placed into the stream of commerce the product in question which reached the home of Clay and Samantha Raleigh in the same or substantially the same condition in which it was sold.

## IV. FACTUAL BACKGROUND

At all relevant times herein, Clay and Samantha Raleigh were the owners of the residence, and the contents thereat, located at 3600 Fountain Terrace, Amarillo, Texas 79106 (the "Property"). At all relevant times, the Property, and the contents thereat, was insured by an insurance policy issued by State Farm Lloyds.

On or about December 19, 2022, a fire occurred in the kitchen at the Property. Upon inspection, it was determined that the fire was caused by the defective condition of the range in question, which was in the kitchen at the Property when the fire started. Specifically, the front-mounted burner control knobs on the range in question are susceptible to unintentional activation, as the control knobs on the range in question are prone to, and do, rotate as a result of minor, inadvertent contact. When the control knobs on the range in question are accidentally or inadvertently contacted, the burners on the range in question heat without warning, causing a hazardous condition and risk of fire. On information and belief, it is this scenario that caused the fire at issue. As a result of the fire, Clay and Samantha Raleigh's real and personal property was damaged and/or destroyed, and their home was uninhabitable for a substantial amount of time.

As a direct, proximate, and producing result of Defendants' product, Clay and Samantha Raleigh suffered damages to their real and personal property and incurred additional living expenses/loss of use damages. Pursuant to an insurance policy in effect for the date of loss, State Farm Lloyds compensated Clay and Samantha Raleigh for the covered losses they incurred as a result of Defendants' product. Plaintiff State Farm Lloyds as Subrogee of Clay and Samantha Raleigh brings this lawsuit to recover its subrogation interest from Defendants.

## V. CAUSES OF ACTION AGAINST DEFENDANTS

### Count One -- Strict Liability

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

The range in question was defective and unsafe for its intended purpose at the time it left Defendants' control. Defendants knew, or in the exercise of reasonable care, should have known, that the range in question was defective and that it presented the probability of harm to any foreseeable users unless it was free from defect. Therefore, Defendants owed a duty to foreseeable users, and to Clay and Samantha Raleigh in particular, to inspect the range in question, to determine whether it would be reasonably fit for its intended purposes, and to warn or give fair and adequate notice of the inherently dangerous condition that existed as a result of the improper manufacture and/or design of the range in question.

There was a design defect in the range in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and damages set forth herein. The design defect rendered the range in question unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. A safer alternative design existed that would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and was economically and technically feasible at the time the product left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

There was a defect in the marketing of the range in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and damages set forth herein. Defendants failed to give adequate warnings of the product's dangers that were known, or by the application of reasonably developed human skill and foresight should have been known, and/or failed to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

Plaintiff alleges that the damages incurred by Clay and Samantha Raleigh were a direct and proximate result of the defective condition of the range in question. Further, Clay and Samantha Raleigh were not aware of any defects inherent in the range in question or of any danger that could result from the use thereof at the time they made use of the product in its intended manner. Therefore, Plaintiff invokes the doctrine of strict liability in tort.

## Count Two – Negligence

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

Plaintiff would show that on the occasion in question Defendants owed a duty to exercise ordinary care in the design, preparation, manufacture, distribution, and sale of their products. The range in question was defective and unsafe for its intended purpose at the time it left Defendants' control and at the time it was used at the Property. The range in question was defective in that it failed to conform to the product design and specifications of other similar products. Defendants breached their duty and, as a direct and proximate result of their negligence, caused Clay and Samantha Raleigh to suffer damages.

Plaintiff would show that the negligent acts and/or omissions on the part of Defendants were the proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

**Count Three -- Breach of Express and Implied Warranties**

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

Defendants held out to the public, and to Clay and Samantha Raleigh specifically, that the range in question would conform to the qualities of the same or similar products. As a result of Defendants' actions, Defendants breached an express warranty as set forth in section 2.313 of the Texas Business and Commerce Code.

Defendants held out to the public, and to Clay and Samantha Raleigh specifically, that the range in question would be suitable for its ordinary purpose and intended use, and that the product would be of merchantable quality. As a result of Defendants' actions, Defendants breached an implied warranty of merchantability and usage of trade as set forth in section 2.314 of the Texas Business and Commerce Code.

Plaintiff has suffered the damages set forth herein as a result of Defendants' breach of the foregoing warranties and pleads for recovery of all damages, both actual and consequential, pursuant to the applicable sections of the Texas Business and Commerce Code and more specifically, section 2.715(b)(2) of that Code.

## VI. DAMAGES

As a result of Defendants' conduct and product, Clay and Samantha Raleigh sustained damages, including damage to their real and personal property, as well as additional living

expenses/loss of use damages, in the amount of **$379,791.59**. Pursuant to an insurance policy in effect for the date of loss, State Farm Lloyds compensated Clay and Samantha Raleigh for the covered damages they sustained as a result of Defendants' conduct and product. State Farm Lloyds is now exercising its rights to contractual and equitable subrogation by filing this lawsuit against Defendants. After allowing for all just and lawful offsets, payments, and credits, Defendants continue to be indebted to Plaintiff in the amount of **$379,791.59**.

Plaintiff hereby asserts its claim for general damages, damages for cost of repair, and damages for additional living expenses/loss of use damages, as described above. All conditions precedent to Plaintiff's recovery have been performed or have occurred as required.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **STATE FARM LLOYDS AS SUBROGEE OF CLAY AND SAMANTHA RALEIGH**, requests that Defendants, **SAMSUNG ELECTRONICS AMERICA, INC.** and **SAMSUNG ELECTRONICS CO., LTD.** take notice of the filing of this Original Petition, be cited to appear and answer herein, and that upon final hearing, Plaintiff recovers from Defendants:

1. A judgment against Defendants, jointly and severally, for actual damages in at least the amount of **$379,791.59**;

2. A judgment against Defendants, jointly and severally, for pre- and post-judgment interest as provided by law;

3. A judgment against Defendants, jointly and severally, for all costs of court and attorneys' fees incurred by Plaintiff; and

4. A judgment against Defendants for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CARPENTER & SCHUMACHER, P.C.**

By: *___/s/ Douglas C. Heuvel________*
**N. Scott Carpenter**
State Bar No. 00790428
*scarpenter@cstriallaw.com*
**Douglas C. Heuvel**
State Bar No. 24036772
*dheuvel@cstriallaw.com*
Parkway Centre V
2500 Dallas Parkway, Suite 495
Plano, Texas 75093
(972) 403-1133
Fax (972) 403-0311
*ATTORNEYS FOR PLAINTIFF*
*STATE FARM LLOYDS AS SUBROGEE*
*OF CLAY AND SAMANTHA RALEIGH*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

AnneMarie Fulps on behalf of Douglas Heuvel
Bar No. 24036772
afulps@cstriallaw.com
Envelope ID: 81502338
Filing Code Description: PLAINTIFF’S ORIGINAL PETITION (OCA)
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 11/13/2023 4:13 PM CST

Associated Case Party: State Farm Lloyds as subrogee of Clay and Samantha Raleigh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Douglas Heuvel | | dheuvel@cstriallaw.com | 11/9/2023 5:07:40 PM | SENT |
| AnneMarie Fulps | | afulps@cstriallaw.com | 11/9/2023 5:07:40 PM | SENT |